■ STUART-HALL-KENT, LTD., Appellant, v DESIGN STUDIO et al., Respondents.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 1, 1988, which, *inter alia,* granted the cross motion of defendant Compugraphic Corporation for sanctions against plaintiff's named attorney, Kathleen M. Paolo, and assessed monetary sanctions in the sum of $500 against Paolo, to be paid by her, "or any successor attorney", unanimously modified, on the law, facts and as an exercise of discretion, to delete "or any successor attorney" contained in the third decretal paragraph, and otherwise affirmed, without costs.

In an opinion dated February 9, 1987, Justice Ciparick held that Kathleen M. Paolo was subject to monetary sanctions for her "undeniably frivolous" conduct "in making a third motion in an attempt to obtain the relief denied in two previous decisions". The court's opinion clearly indicates that the sanctions applied specifically and personally to Ms. Paolo, and the opinion neither implies nor suggests that any party or individual other than Ms. Paolo is to be responsible for the payment of the sanctions. In that regard, it is apparent that the court's sanction order of May 1, 1988 is inconsistent with the court's opinion, in that the order expands the liability for Ms. Paolo's conduct by requiring that the sanctions be paid either by Ms. Paolo or by "any successor attorney" employed by the plaintiff.

We conclude that this expansion of liability for Ms. Paolo's conduct was improper. To have the sanctions run with the plaintiff's current attorney, J. Arneson, is a violation of Mr. Arneson's due process rights. Not only was Mr. Arneson apparently not heard on the within matter, but his conduct, at least with regard to the acts resulting in the sanctions, was

never at issue. Under the circumstances of this case, the responsibility for the sanctions should remain the personal obligation of Ms. Paolo.

Accordingly, the order of the court below is modified to delete "or any successor attorney" from the third decretal paragraph, and otherwise affirmed. Concur—Carro, J. P., Milonas, Kassal and Smith, JJ.