■ MARVIN SCHULTZ et al., Appellants, v BEULAH LAND FARM AND RACING STABLES, INC., Respondent, et al., Defendants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We agree with County Court that Real Property Law § 254 (4) (a) applies to a situation where, unbeknownst to each other, the mortgagor and plaintiffs, the mortgagees, each insured the property against loss by fire. Such

loss occurred. The bond and mortgage contained a standard insurance covenant. Plaintiffs' insurable interest in the property was limited to the amount due on the mortgage, an amount that they received from their insurer. Thereafter, plaintiffs commenced a foreclosure action against the mortgagor's transferee, who apparently took the property subject to the mortgage. The transferee paid $8,500 to discharge the mortgage and later learned that plaintiffs had been fully compensated by their own insurer. The transferee then counterclaimed for return of its payment and for sanctions.

The court correctly ordered return of the payment, less the premium paid by plaintiffs for their coverage. Apart from the applicability of Real Property Law § 254 (4) (a), because plaintiffs' insurable interest was the balance due on the mortgage, when the mortgage was satisfied by payment from its insurer, plaintiffs no longer had a mortgage on which to foreclose.

The court, however, abused its discretion in imposing sanctions against plaintiffs pursuant to 22 NYCRR 130-1.1 (a), based on plaintiffs' alleged frivolous conduct in commencing and continuing this action. We do not find that plaintiffs' conduct meets the definition of frivolous conduct in 22 NYCRR 130-1.1 (c) in view of the fact that there are no cases discussing the applicability of Real Property Law § 254 (4) (a) where, as here, there is concurrent insurance coverage for the encumbered property *(cf., Martin-Trigona v Capital Cities/ ABC,* 145 Misc 2d 405, 410-411; *see also, Stuart-Hall-Kent, Ltd. v Design Studio,* 144 AD2d 312, *lv denied* 73 NY2d 709). The sanctions imposed therefore must be vacated. (Appeal from Order of Erie County Court, Drury, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.