■ WESTBURY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v QUINTON ENTERPRISES, INC., et al., Defendants, and RALPH V. QUINTON et al., Appellants. — In an action to foreclose a mortgage on real property, defendants Ralph and Loretta Quinton appeal from an order of the Supreme Court, Suffolk County (Geiler, J.), dated November 5, 1980, which denied their motion to vacate a deficiency judgment that had been entered against them. Order reversed, on the law, without costs or disbursements, and matter remitted to Special Term for a de novo determination of the value of the foreclosed premises as of the date of the foreclosure sale and for the entry of an amended deficiency judgment, if necessary. Pending the new determination, the deficiency judgment, as reduced by the "stipulation" of plaintiff executed October 10, 1980, shall remain as security. In this action to foreclose a mortgage, plaintiff purchased the premises for a nominal sum at the foreclosure sale. Upon its uncontested motion, inter alia, for entry of deficiency judgment, it claimed the property was worth $31,500 and Special Term adopted that figure in making the deficiency judgment. On the current motion pursuant to CPLR 5015 to vacate the deficiency judgment, it was shown that plaintiff had failed to advise Special Term that an appreciable time before its appraisal report and affidavit were executed, it had received and rejected an offer by third parties to purchase the foreclosed property for $67,500. Further, it is not denied that two months before Special Term's adoption of plaintiff's

appraisal figure ($31,500), plaintiff executed a contract of sale with the same offerors for $70,000, and that Special Term was not notified of this either. Notwithstanding the fact that plaintiff advised appellants of the contract of sale prior to September 10, 1979 and that one year later (during the pendency of appellants' instant motion to vacate the deficiency judgment) plaintiff filed its unilateral "stipulation" that the deficiency judgment was "partially satisfied" by $38,500, a sum which reflects a property value of $70,000, we conclude that the sum set forth in the judgment was determined as a result of "misrepresentation, or other misconduct" (see CPLR 5015, subd [a], par 3). We therefore remand to Special Term for a *de novo* determination of the value of the premises as of the date of the foreclosure sale. Under the circumstances, and particularly the fact that the amount due at foreclosure, including costs, disbursements and expenses, was $111,526, the judgment, as reduced by the afore-mentioned "stipulation", is to remain as security pending the new determination. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.