■ EAST RIVER SAVINGS BANK, Plaintiff, v GERTRUDE STEINGART, as Executrix of DANIEL STEINGART, Deceased, et al., Defendants, and MOVIELAB, INC., et al., Appellants-Respondents. WILLIAM MENDEZ, JR., as Referee, Respondent-Appellant.—Order, Supreme Court, New York County (William J. Davis, J.), entered September 26, 1989, which, *inter alia,* awarded a fee of $150,000 to Mr. William Mendez, Jr. (Referee) as Referee, is unanimously modified, on the law, on he facts, and in the exercise of discretion, to the extent of reducing the Referee's fee to a total of $10,000, and since the Referee has already received a $2,500 payment concerning this matter, said sum reduced the net amount due to $7,500, and except as so modified, otherwise affirmed, without costs.

East River Savings Bank (Bank) held the first mortgage on the property and a building which were both located at 619 West 54th Street (premises), Manhattan. Also, four other

lenders held junior mortgages concerning those premises, which were owned by Movielab, Inc. (Movielab).

In July 1988, the Bank commenced a mortgage foreclosure action against Movielab and others (defendants) in the Supreme Court, New York County. Thereafter, on or about February 23, 1989, a judgment of foreclosure and sale was entered, which, *inter alia,* directed that the premises be sold at public auction. Further, the trial court appointed a Referee in the foreclosure action.

On March 29, 1989, a professional auctioneer, who received a $5,000 fee which was approved by the Referee, conducted the auction, which resulted in the sale of the premises for $14,500,000.

Subsequently, the Referee moved for a fee of $357,937, and defendant Movielab opposed that application. By order entered September 21, 1989, the trial court, *inter alia,* awarded the Referee a fee of $150,000. Defendant Movielab appeals.

Our examination of the record indicates that, except for the large sales price, there was nothing unusual about the instant foreclosure action.

We view with disfavor the Referee's overpayment of more than $600,000 to the New York State Tax Department, concerning the New York State real property transfer gains tax, since that act has caused defendant Movielab inconvenience and unnecessary expense in obtaining a refund. Also, we view with disfavor the Referee's delay, after receiving the proceeds of the sale, in making payments to the holders of the four junior mortgages, since that act resulted, to the detriment of defendant Movielab, in the accumulation of over $300,000 in additional interest, which could have been avoided.

CPLR 8003 (b) reads, in pertinent part: "A referee's compensation, including commissions, upon a sale pursuant to a judgment in an action to foreclose a mortgage cannot exceed two hundred dollars, or pursuant to any other judgment, five hundred dollars, unless the property sold for ten thousand dollars or more, in which event the referee may receive such additional compensation as to the court may seem proper".

More than 70 years ago, this court, in *Chisholm v Hopson* (182 App Div 856, 857 [1st Dept 1918]), stated that, in cases in which the property in a foreclosure action is sold for $10,000 or more, "[t]he tendency should be to keep those charges [the Referee's fee] down instead of adding to the burdensome expense of foreclosure". We reaffirmed that principle in *Railroad Co-Op. Bldg. & Loan Assn. v Cautero* (240 App Div 318, 321 [1st Dept 1934]).

Based upon the circumstances herein, we find that the trial court's award of a $150,000 fee to the Referee was excessive and an abuse of discretion *(Matter of Cross Props. [Gimbel Bros.]*, 15 AD2d 908 [1st Dept 1962]).

Since our examination of the Referee's affirmation in support of his application for a fee indicates that, although he estimates he expended between 80 and 100 hours to carry out his duties, he "did not keep actual time sheets", we fix 50 hours as the reasonable amount of time spent in this foreclosure action, and allow the generous fee of $200 per hour. Therefore, we find the maximum reasonable Referee's compensation to be $10,000, and that sum should be reduced by $2,500, which is the amount of a payment that the Referee admits he has already received from the purchaser, and as a result, the amount due to the Referee is $7,500.

Accordingly, we modify the order. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Ellerin, JJ.