■ GOLDEN CITY COMMERCIAL BANK, Respondent, et al., Plaintiff, v HAWK PROPERTIES CORP. et al., Appellants, et al., Defendants. [658 NYS2d 301] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered September 27, 1996, which, in a mortgage foreclosure action, confirmed the Referee's report of sale, and awarded plaintiff a deficiency judgment in the amount of $1,288,448.70, plus interest from May 3, 1995, unanimously modified, on the law and the facts, to reduce the deficiency judgment to $777,649.77, plus interest from May 3, 1995, and otherwise affirmed, without costs.

Contrary to defendants' claim, the standard of reasonable market value embodied in RPAPL 1371 (2), not that of commercial reasonableness embodied in UCC 9-504, applies herein,

since there is no evidence that the mortgage was pledged as security for a separate independent loan, and the debt sued upon is the mortgage debt (*see, Stochastic Decisions v Wagner,* 34 F3d 75, 80, citing *Federal Deposit Ins. Corp. v Forte,* 94 AD2d 59, and *Commercial Trading Co. v Freidus,* 114 AD2d 292, 295; *see also, Federal Deposit Ins. Corp. v Forte,* 144 AD2d 627). No hearing was warranted on the issue of market value since defendants' submission of an attorney's affidavit was insufficient to controvert plaintiff's appraisal of the property (*see,* RPAPL 1371 [2]; *Union Natl. Bank v Johnson,* 209 AD2d 775, *lv denied* 85 NY2d 802; *Evergreen Bank v D & P Justin's,* 152 AD2d 898, *lv denied* 75 NY2d 701), and there is no evidentiary support for defendants' claims of fraud or other misconduct warranting a de novo determination of value as of the date of the sale (*see, Ishaq v Batra,* 212 AD2d 509; *Westbury Fed. Sav. & Loan Assn. v Quinton Enters.,* 88 AD2d 950).

The amount of the deficiency judgment was properly reduced by the $15,000 bid amount retained by plaintiffs when the first bidder defaulted, and the interest of $534.23 that accrued on that amount. The IAS Court erred, however, in basing the deficiency judgment on the $435,000 amount bid at the second sale, rather than on the appraised value of $678,000 (*see,* RPAPL 1371 [2]).

The interest award of $535,597.78, representing interest calculated at the rate of 24% for the 680-day period between the date of the Referee's computation for the judgment of foreclosure and the date of sale should be reduced by one half, to $267,798.89. The assignment of the mortgage by plaintiff Golden City Commercial Bank to plaintiff 5th Avenue Park View Ltd. prior to the judgment of foreclosure and sale created approximately one year of motion practice for which, in equity, defendants should not be held accountable (*compare, Griffo v Swartz,* 61 Misc 2d 504).

The Referee's fee of $2,000 was not excessive (*see,* CPLR 8003 [b]; *compare, East Riv. Sav. Bank v Steingart,* 160 AD2d 345, *appeal dismissed* 76 NY2d 876).

We have considered defendants' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Mazzarelli, JJ.