■ RECOLL MANAGEMENT CORPORATION, Appellant, v ARMAND QUADRINI et al., Respondents. [681 NYS2d 688] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Graffeo, J.), entered July 2, 1997 in Albany County, which partially denied plaintiff's motion for summary judgment.

The facts underlying this action to recover on a mortgage debt are set forth in our previous decision (*see, Federal Deposit Ins. Corp. v 1873 W. Ave. Corp.*, 225 AD2d 893). Supreme Court, upon remittal, granted plaintiff leave (*see*, RPAPL 1301 [3]) to maintain an action on the underlying debt, following which plaintiff moved for summary judgment on the issues of liability and damages. The court granted plaintiff's motion insofar as it related to liability for the debt, but found that questions of fact precluded summary adjudication of the amount due. Plaintiff appeals.

We affirm. Although this is not a mortgage foreclosure proceeding, the context in which it has arisen suggests—and neither party disputes—that plaintiff's recovery must be limited in accordance with the formula set out in RPAPL 1371 (2), which provides that the amount of a deficiency judgment is to be determined by subtracting, from the total amount owed, the greater of (1) the amount received upon the sale of the mortgaged premises, or (2) the fair market value of the property (*see*, RPAPL 1371 [2]; *cf., Golden City Commercial Bank v Hawk Props. Corp.*, 240 AD2d 218, 218-219; *GIT Indus. v Rose*, 94 AD2d 714, 715, *affd* 62 NY2d 659). Plaintiff argues that it has established, prima facie, both the amount due on the note and the fair market value of the property (which, it contends, is equal to the $1.1 million sales price paid by a private purchaser, after the foreclosure action was discontinued [*see, Federal Deposit Ins. Corp. v 1873 W. Ave. Corp., supra*, at 894]), and that defendants have failed to raise any factual issue respecting these sums. Moreover, plaintiff contends, principles of estoppel, waiver and ratification prohibit defendants from asserting that the fair market value of the property exceeded $1.1 million.

The evidence proffered by defendants—including a tax search report reflecting an assessment of $2.4 million, less than six months prior to the sale (which, though not conclusive, is by no means irrelevant to a determination of value [*see, Onondaga Sav. Bank v Cale Dev. Co.*, 63 AD2d 415, 420]), and other proof tending to demonstrate that the sale price may have been influenced by factors other than the actual value of the property—is, in our view, sufficient to raise a question as to the extent of any deficiency plaintiff may recover (*see, Ogdensburg Sav. &*

*Loan Assn. v Moore*, 100 AD2d 679, 680). And, while there is merit to plaintiff's contention that defendants should not be allowed to bolster their position by demonstrating that they actually received additional, undisclosed consideration in connection with the sale, this does not necessarily bar them from eliciting proof that their personal circumstances may have prompted them to sell the subject parcel when they did, and to accept a price that was substantially lower than its true market value.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.