NEW YORK COMMUNITY BANK, Respondent, v JAY VERMONTY, Fomerly Known as JESUS VERMONTY, et al., Defendants, and DAVE SHELDON, Also Known as DAVID SHELDON, et al., Appellants. [892 NYS2d 137]—

The appellant Dave Sheldon, also known as David Sheldon, brought a prior proceeding to execute a judgment he had obtained against Carmen Vermonty, regarding her property in Queens County. Vermonty's property was encumbered by a first mortgage held by the plaintiff herein, New York Community Bank (hereinafter the Bank). The judgment rendered in the proceeding brought by Sheldon directed that Vermonty's homestead property be sold by the sheriff at a public sale, with the first $10,000 of the proceeds to be paid to Vermonty, and the remainder of the proceeds to be paid first to the Bank for "the balance of its outstanding mortgage, if any," and then the sum of $20,148 to a judgment creditor whose judgment was recorded before Sheldon's, and third, to Sheldon, in the amount of his judgment against Vermonty.

The Bank sent the sheriff a payoff letter, stating that the total amount due to satisfy the mortgage loan on Vermonty's property was $105,751.29. That letter stated that the principal balance on the mortgage was $95,054.47, and then itemized other charges and fees due for interest, escrow advances, corporate advances, recording fees, late fees, and a prepaid subsidy. Despite the Bank's advisement to the sheriff of its payoff figure of $105,751.29, the sheriff only paid the Bank the principal balance on the mortgage of $95,054.47. Thereafter, the Office of the City Register for the City of New York for Queens County (hereinafter the Register) recorded a letter from the

sheriff, stating that the sum of $95,054.47 had been paid to the Bank, as a satisfaction of the Bank's mortgage.

In 2006 the Bank brought this action to foreclose its mortgage on Vermonty's property, seeking to recover the difference between what it was owed and the $95,054.47 that it received from the proceeds of the sheriff's sale, and further seeking to cancel the purported satisfaction of its mortgage. The Bank named the appellants, Dave Sheldon, also known as David Sheldon, and Darren K. Kearns, as defendants in the foreclosure action, because they were the successful bidders at the sheriff's sale.

In the order denying the appellants' first pre-answer motion pursuant to CPLR 3211 to dismiss this action, they were directed to interpose an answer within 30 days of being served with a copy of the order plus notice of entry. Although served with a copy of the order and notice of entry, the appellants never served an answer to the complaint. The appellants' motion to vacate their default was properly denied because they failed to proffer a reasonable excuse for their failure to timely answer the complaint, or a meritorious defense to the foreclosure action (see CPLR 5015 [a] [1]; HSBC Bank, USA v Dammond, 59 AD3d 679, 680 [2009]; Matter of Macias v Motor Veh. Acc. Indem. Corp., 10 AD3d 396 [2004]).

The Bank's motion for leave to enter a default judgment against the appellants was properly granted, as the Bank established entitlement to judgment foreclosing its mortgage and canceling the purported satisfaction of its mortgage, recorded by the Register. "Mortgagees . . . whose liens are senior to that of the judgment being levied do not lose their liens . . . [A]s long as their liens are senior, [they] keep the liens, [and] the buyer at the execution sale tak[es] subject to them" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5236:8). The sheriff's payment of $95,054.47 to the Bank from the proceeds of the judicial sale failed to satisfy the mortgage debt, and since the mortgage was not extinguished by the payment and the purchasers at the judicial sale took title subject to the mortgage, the Bank is entitled to foreclose on the entirety of the mortgage, and to seek the balance due.

The Supreme Court properly directed that the purported satisfaction of the Bank's mortgage be cancelled and that the Bank's mortgage be reinstated. A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording (see Citibank, N.A. v Kenney,

17 AD3d 305, 308 [2005]). Here, the Bank established that the Register erroneously recorded the sheriff's letter stating that it had paid $95,054.47 from the proceeds of the sale to the Bank, as a satisfaction piece, and that no one had detrimentally relied upon that recorded discharge.

The appellants' remaining contentions are without merit. Fisher, J.P., Santucci, Balkin and Austin, JJ., concur.