■ DEUTSCHE BANK TRUST CO., AMERICAS, Respondent, v LARRY STATHAKIS, Appellant, et al., Defendants. KOREN DAFNI, Nonparty Respondent. [935 NYS2d 651]—

The plaintiff, Deutsche Bank Trust Co., Americas (hereinafter Deutsche Bank), obtained a judgment of foreclosure and sale against the appellant upon his default. Upon proof that the mortgage and the underlying debt were assigned to nonparty Koren Dafni, the Supreme Court providently exercised its discretion in granting that branch of Dafni's motion which was to amend the caption to substitute her for Deutsche Bank (*see* CPLR 3025 [b]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan,* 67 AD3d 750, 751 [2009]).

Further, the Supreme Court providently exercised its discre-

tion in granting that branch of Dafni's motion which was to cancel and expunge a satisfaction of mortgage filed by Deutsche Bank on March 1, 2007, over two months after Deutsche Bank assigned the mortgage to Dafni on January 21, 2007. "A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (*New York Community Bank v Vermonty*, 68 AD3d 1074, 1076 [2009]; *see DLJ Mtge. Capital, Inc. v Windsor*, 78 AD3d 645, 647 [2010]; *Citibank, N.A. v Kenney*, 17 AD3d 305, 308 [2005]). Here, Dafni established, through the affirmation of Deutsche Bank's attorney, that Deutsche Bank erroneously and inadvertently filed the satisfaction of mortgage, upon the receipt of the funds by Dafni, in consideration for the assignment. The appellant's contention that he detrimentally relied upon the satisfaction when he contracted for renovations to the property in June 2008 is without merit, as the record shows that Deutsche moved to vacate the satisfaction as early as November 19, 2007, thus putting the appellant on notice that the satisfaction should not reasonably be relied upon. For the same reason, his contention that the motion to cancel the satisfaction should be denied based upon the doctrine of laches is without merit (*see Cohen v Krantz*, 227 AD2d 581, 583 [1996]).

Turning to the appellant's cross motion, since a judgment of foreclosure and sale had already been entered upon his default, and he had not moved for relief from that judgment (*see* CPLR 5015 [a]), the Supreme Court properly denied those branches of his cross motion which were to dismiss the complaint and for leave to assert counterclaims against Deutsche Bank (*see McGee v Dunn*, 75 AD3d 624, 625 [2010]).

However, equity requires that the appellant not be held responsible for any interest or penalties that accrued to him under the mortgage loan on or after March 1, 2007, the date the satisfaction of mortgage was erroneously filed by Deutche Bank. "In an action of an equitable nature, the recovery of interest is within the court's discretion" (*Dayan v York*, 51 AD3d 964, 965 [2008]; *see* CPLR 5001 [a]; *Bosco v Alicino*, 37 AD2d 552, 552 [1971]). Here, Deutsche Bank admitted that it erred in filing the satisfaction, which has caused significant delay in this litigation. Under these circumstances, equity requires canceling any interest and penalties that accrued under the loan beginning on the date the erroneous satisfaction was filed (*see Dayan v York*, 51 AD3d at 965; *Golden City Commercial Bank v Hawk Props. Corp.*, 240 AD2d 218, 219 [1997]; *see generally Gasco*

*Corp. & Gordian Group of Hong Kong v Tosco Props.*, 236 AD2d 510, 512 [1997]). Accordingly, that branch of the appellant's cross motion which was to cancel any interest and penalties that accrued to him on or after March 1, 2007, should have been granted.

The appellant's remaining contentions are either academic or without merit. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.