■ MARY FITZGERALD, Respondent, v CITY OF NEW YORK, Appellant. [987 NYS2d 877]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Flug, J.), entered April 10, 2012, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a nurse, allegedly was injured at Elmhurst Hospital by an inmate who was escorted to the hospital by two officers employed by the New York City Department of Correction. The plaintiff commenced this action against the City of New York to recover damages for personal injuries, alleging that the City's negligence in supervising the inmate was a proximate cause of her injuries.

"[A]n agency of government is not liable for the negligent performance of a governmental function unless there existed a

special duty to the injured person, in contrast to a general duty owed to the public" (*McLean v City of New York*, 12 NY3d 194, 199 [2009] [internal quotation marks omitted]). A special duty may arise where the following elements are present: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 430-431 [2013] [internal quotation marks omitted]).

Here, the City failed to demonstrate the absence of material issues of fact regarding whether these elements were present in the instant case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied the City's motion for summary judgment dismissing the complaint.

The Supreme Court also providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint. The proposed amendments were neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendments would prejudice or surprise the City (*see Courthouse Corporate Ctr., LLC v Schulman*, 89 AD3d 672 [2011]; *Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1158 [2011]). Skelos, J.P., Lott, Roman and Cohen, JJ., concur.