■ WELLS FARGO BANK N.A., as Trustee for CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED PASS-THROUGH CERTIFICATES, Respondent, v E & G DEVELOPMENT CORP. et al., Appellants, et al., Defendants. [31 NYS3d 121]—

In an action to foreclose a mortgage and to cancel and vacate a satisfaction of mortgage, the defendants E & G Development Corp., Washington Equity & Funding Corp., and Metropolitan Homes, Inc., Profit Sharing Plan appeal from an order of the Supreme Court, Queens County (Raffaele, J.), dated May 12, 2015, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose the subject mortgage and to cancel and vacate a satisfaction of mortgage against, among others, the defendants E & G Development Corp., Washington Equity & Funding Corp., and Metropolitan Homes, Inc., Profit Sharing Plan (hereinafter collectively the defendants). The defendants moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, arguing that they were good faith purchasers/encumbrancers for value who acquired their respective interests in the subject property in reliance on a duly recorded satisfaction of mortgage. The plaintiff opposed the motion and cross-moved for leave to amend the complaint. The Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. The defendants appeal, and we affirm.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88 [1994]). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; Sokol v Leader, 74 AD3d 1180, 1181 [2010]). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has

not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

"A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (*New York Community Bank v Vermonty*, 68 AD3d 1074, 1076 [2009]; *see Beltway Capital, LLC v Soleil*, 104 AD3d 628, 631 [2013]; *Citibank, N.A. v Kenney*, 17 AD3d 305, 308 [2005]). "Only bona fide purchasers and lenders for value are entitled to protection from an erroneous discharge of a mortgage based upon their detrimental reliance thereon" (*Beltway Capital, LLC v Soleil*, 104 AD3d at 631).

Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint adequately stated causes of action to foreclose a mortgage and to cancel and vacate a satisfaction of mortgage (*see* CPLR 3211 [a] [7]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]). Specifically, the complaint's factual allegations, i.e., that the plaintiff was the holder and owner of the subject note and mortgage, that the satisfaction of mortgage was erroneously executed and recorded, that the mortgage had not been satisfied, that the original mortgagor defaulted on the note and mortgage, and that the balance due under the note remained outstanding, were sufficient to set forth viable causes of action to foreclose the mortgage and to cancel and vacate the satisfaction of mortgage (*see* CPLR 3211 [a] [7]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d at 806). Furthermore, construed liberally, the complaint alleged (1) that a satisfaction of mortgage was erroneously issued on August 9, 2009, (2) a foreclosure action relating to the subject property was commenced in 2010, which the plaintiff intended to consolidate with this action, (3) the satisfaction of mortgage was errone-

ously recorded on October 23, 2012, and (4) the defendants acquired their respective interests in the property on August 20, 2013. According all favorable inferences to the plaintiff, it can be inferred from the allegations in the complaint that the defendants were put on notice that the satisfaction of mortgage should not be reasonably relied on, since the satisfaction of mortgage was issued in 2009, but a foreclosure action relating to the subject property was commenced in 2010 (*see Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983, 984 [2011]; *cf. Regions Bank v Campbell*, 291 AD2d 437 [2002]).

The evidence submitted by the defendants in support of their motion did not show that a material fact as claimed by the plaintiff was not a fact at all (*see* CPLR 3211 [a] [7]; *see Guggenheimer v Ginzburg*, 43 NY2d at 275), and did not utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326). Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

The Supreme Court also providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint. The proposed amendment was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment would prejudice or surprise the defendants (*see Fitzgerald v City of New York*, 119 AD3d 520, 521 [2014]). Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.