J.P. Morgan Mtge. Acquisition Corp. v South Homes, Inc. (2020 NY Slip Op 07875)





J.P. Morgan Mtge. Acquisition Corp. v South Homes, Inc.


2020 NY Slip Op 07875


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07023
 (Index No. 708604/16)

[*1]J.P. Morgan Mortgage Acquisition Corp., respondent,
v
South Homes, Inc., et al., appellants, et al., defendants.


McLaughlin & Stern LLP, Great Neck, NY (Todd Harris Hesekiel and Benjamin S. Kaplan of counsel), for appellants.
Rosenberg & Estis, P.C., New York, NY (Timothy J. Fierst and Jamie C. Krapf of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage and cancel and vacate a satisfaction of mortgage, the defendants South Homes, Inc., Marivel D. Luna, and Kevin A. Orellana Luna appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated January 2, 2018. The order denied the motion of those defendants pursuant to CPLR 3211(a)(1), (7) and 3016(b) to dismiss the complaint insofar as asserted against them and to vacate a notice of pendency filed by the plaintiff against the real property at issue.
ORDERED that the order is affirmed, with costs.
In July 2016, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Intazar Shah, in connection with real property owned by Shah in Queens (hereinafter the premises), and to cancel and vacate a satisfaction of the mortgage that was recorded in 2012. The plaintiff alleged that Shah is the obligor on a note in the amount of $394,000 executed by him in favor of Metlife Home Loans, a division of Metlife Bank, N.A. (hereinafter Metlife Home), secured by a mortgage encumbering the premises. The plaintiff further alleged that Mortgage Electronic Registrations Systems, Inc. (hereinafter MERS), as nominee for Metlife Home, assigned the mortgage to Metlife Home by an assignment executed in April 2011, which was recorded on May 12, 2011, and, thereafter, executed a fraudulent satisfaction of the mortgage on January 27, 2012, which was recorded on February 27, 2012. Metlife Home thereafter assigned its mortgage to the plaintiff, by assignment executed May 21, 2014, and recorded on September 11, 2014.
The plaintiff also alleged that the defendants South Homes, Inc., Marivel D. Luna, and Kevin A. Orellano Luna (hereinafter collectively the defendants) purport to have ownership interests in the premises, subject and subordinate to the lien of plaintiff's mortgage. The plaintiff sought a judgment declaring that the defendants have no claim to the mortgaged premises and barring them from pursuing any claim to the premises.
The defendants moved pursuant to CPLR 3211(a)(1), (7) and 3016(b) to dismiss the [*2]complaint insofar as asserted against them and to vacate a notice of pendency filed by the plaintiff against the premises. The defendants contended, inter alia, that they acquired their respective interests in the premises after the satisfaction of mortgage was recorded and were entitled to rely upon that satisfaction as presumptively valid. The plaintiff opposed the motion, contending, among other things, that the defendants' reliance on the satisfaction of mortgage was not reasonable and thus they were not bona fide purchasers or encumbrancers for value. In an order dated January 2, 2018, the Supreme Court denied the defendants' motion. The defendants appeal.
We agree with the Supreme Court's determination denying that branch of the defendants' motion which sought dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211(a)(1). "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d 986, 987). Here, the defendants' proffered documentary evidence failed to demonstrate as a matter of law that MERS was authorized, as agent of the mortgage assignee, to execute a certificate of discharge of the mortgage on behalf of Metlife Home, and also failed to establish that the defendants' failure to inquire as to the scope of MERS' alleged authority was reasonable (see Real Property Law § 321[1][f][i]; see generally 150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership, 39 AD3d 722, 723-724). An "agent cannot by [its] own acts imbue [itself] with apparent authority" (150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership, 39 AD3d at 723, quoting Hallock v State of New York, 64 NY2d 224, 231). Thus, the defendants "did not utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d at 988; see CPLR 3211(a)(1); Gould v Delocator, 121 AD3d at 847).
We also agree with the Supreme Court's determination denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211(a)(7). When a court considers evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action (see Sokol v Leader, 74 AD3d 1180, 1181), and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not be granted (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d at 987).
Here, the complaint's factual allegations, i.e., that the plaintiff was the holder and owner of the note and mortgage at issue, that the original mortgagor, Shah, defaulted on the note and mortgage in June 2009, that MERS assigned its interest in the mortgaged premises in April 2011 to Metlife Home and the assignment was recorded on May 12, 2011, that a satisfaction of mortgage was erroneously executed and recorded by MERS on February 27, 2012, that the mortgage had not been satisfied, and that the balance due under the note remained outstanding, were sufficient to set forth viable causes of action to foreclose the mortgage and to cancel and vacate the satisfaction of mortgage (see e.g. Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d at 987). The evidence submitted by the defendants in support of their motion to dismiss did not establish that a material fact as claimed by the plaintiff is not a fact at all and that there is no significant dispute regarding it (see CPLR 3211[a][7]; Guggenheimer v Ginzburg, 43 NY2d at 275; Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d at 987).
We further agree with the Supreme Court's determination that dismissal pursuant to CPLR 3016(b) was not warranted. "Where a cause of action is based upon fraud, the circumstances constituting the alleged wrong must be stated in detail" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see CPLR 3016[b]). "However, the pleading requirements of CPLR 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (Qureshi v Vital Transp., Inc., 173 AD3d at 1077; see e.g. Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492). Here, the allegations of the complaint were sufficient to inform the defendants of the complained-of incidents and satisfied the requirements of CPLR 3016(b) (see e.g. Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 491; Qureshi v Vital Transp., Inc., 173 AD3d at 1077).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court