Nationstar Mtge., LLC v Krit (2022 NY Slip Op 01168)





Nationstar Mtge., LLC v Krit


2022 NY Slip Op 01168


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-11331
 (Index No. 135757/17)

[*1]Nationstar Mortgage, LLC, etc., respondent,
v
Chaker Krit, etc., appellant, et al., defendants.


Morris Fateha, Brooklyn, NY, for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Chaker Krit appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 11, 2018. The order denied that defendant's motion pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In December 2017, the plaintiff commenced this action against, among others, the defendant Chaker Krit (hereinafter the defendant), inter alia, to foreclose a mortgage securing real property owned by the defendant in Staten Island (hereinafter the premises).
The plaintiff alleged that, in September 2006, the defendant executed a consolidated note in the amount of $362,000, which consolidated, among other things, a prior note in the amount of $164,000 previously entered into by the defendant which was secured by a mortgage on the premises (hereinafter the 2002 mortgage). The consolidated note also was secured by a mortgage on the premises (hereinafter the 2006 mortgage) which consolidated, among other things, the 2002 mortgage. The plaintiff alleged, inter alia, that a satisfaction of the 2002 mortgage was recorded in September 2007 through inadvertence and mistake and asserted, inter alia, a cause of action to vacate, cancel, and expunge that satisfaction of the 2002 mortgage. The plaintiff also alleged that, more than four years after the satisfaction of the 2002 mortgage was erroneously recorded, the defendant defaulted in making payments on the consolidated note. The plaintiff sought to foreclose the 2006 mortgage based on the defendant's failure to pay.
The defendant moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint contending, among other things, that the action was time-barred and that there was a recorded satisfaction of mortgage upon which he relied to his detriment. In an order dated May 11, 2018, the Supreme Court denied the motion. The defendant appeals.
A mortgage foreclosure action is subject to a six-year statute of limitations (see id § 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar [*2]Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Here, the defendant failed to show that the action is time-barred since he failed to demonstrate that the plaintiff had previously elected to accelerate the debt by an "unequivocal overt act" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v King, 193 AD3d 694, 695-696).
The defendant also failed to show that the action should be dismissed based on the satisfaction of the 2002 mortgage that was recorded in 2007. The satisfaction of the 2002 mortgage submitted by the plaintiff in opposition to the motion makes no reference to the 2006 consolidated note underlying the 2006 mortgage at issue here; instead, it expressly refers to a 2002 mortgage which the plaintiff alleged was consolidated into the 2006 mortgage. Moreover, the payment records submitted by the defendant demonstrated that he could not have relied on the satisfaction of the 2002 mortgage as he made mortgage payments in 2009—well after the recording of that mortgage satisfaction in 2007 (see Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d 986, 988; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984). Under these circumstances, the defendant did not show that the complaint should be dismissed based on the recording of a satisfaction of mortgage (see Ridgewood Sav. Bank v Glickman, 197 AD3d 1189, 1190-1191; Marchai Props., L.P. v Fu, 171 AD3d 722, 724) or his purported detrimental reliance on the same (see Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d at 988; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d at 984).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court