Windward Bora, LLC v PNC Bank, N.A. (2022 NY Slip Op 04930)

Windward Bora, LLC v PNC Bank, N.A.

2022 NY Slip Op 04930

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-10508
 (Index No. 150715/19)

[*1]Windward Bora, LLC, appellant,
v
PNC Bank, National Association, etc., defendants, PCN, LLC, intevenor-respondent.

Hasbani & Light, P.C., New York, NY (Danielle P. Light and Seth D. Weinberg of counsel), for appellant.
Finkelstein Filler, LLP, Staten Island, NY (Edward R. Finkelstein of counsel), for intevenor-respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to vacate a satisfaction of mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated August 27, 2019. The order granted the motion of PCN, LLC, pursuant to CPLR 1012 and 1013 for leave to intervene in the action.
ORDERED that the order is reversed, on the law, with costs, and the motion of PCN, LLC, pursuant to CPLR 1012 and 1013 for leave to intervene in the action is denied.
On February 4, 2004, nonparty Divya Jain executed a home equity line of credit (hereinafter HELOC) agreement with nonparty National City Bank, secured by a mortgage on certain real property located in Staten Island (hereinafter the HELOC mortgage). The HELOC mortgage permitted Jain to borrow up to $100,000 from National City Bank at any one time. The HELOC mortgage was recorded in June 2004. The HELOC mortgage was subsequently assigned to a number of other parties, and was eventually assigned to the plaintiff on October 2, 2017.
On November 8, 2007, Jain executed a second mortgage on the subject property, in favor of nonparty American Capital Mortgage Bankers, Ltd., to secure a debt of $216,000. The second mortgage was recorded in December 2007.
On February 1, 2018, the defendant PNC Bank, National Association (hereinafter PNC Bank), as successor by merger to National City Bank, the original lender of the HELOC mortgage, recorded a satisfaction of the HELOC mortgage in the Office of the Richmond County Clerk.
On March 27, 2018, the plaintiff commenced an action to foreclose the HELOC mortgage against Jain and another in the United States District Court for the Eastern District of New York.
In March 2019, the plaintiff commenced the instant action pursuant to RPAPL article [*2]15 to vacate the satisfaction of mortgage against PNC Bank and the Richmond County Clerk. In April 2019, nonparty PCN, LLC (hereinafter the intervenor), moved pursuant to CPLR 1012 and 1013 for leave to intervene in the action. The intervenor alleged that it was the holder of the second mortgage on the property, and thus, it had a strong interest in the outcome of the litigation. In opposition to the motion, the plaintiff submitted, among other things, a stipulation between itself and PNC Bank, signed by attorneys for both parties, in which PNC Bank consented to vacating the satisfaction of mortgage. In an order dated August 27, 2019, the Supreme Court granted the intervenor's motion. The plaintiff appeals.
"Upon a timely motion, a person is permitted to intervene as of right in an action involving the disposition of property where that person may be adversely affected by the judgment (see CPLR 1012[a][3]). In addition, a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact (see CPLR 1013). Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 676-677 [citations omitted]; see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785).
The Supreme Court erred in determining that the intervenor had a real and substantial interest in the outcome of this action. "A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (New York Community Bank v Vermonty, 68 AD3d 1074, 1076). Here, the intervenor's predecessor in interest could not reasonably have relied on a purportedly erroneous satisfaction of mortgage that did not exist at the time the second mortgage was executed, and it executed the second mortgage with notice that the HELOC mortgage had first priority (see HSBC Bank USA, N.A. v Minogue, 202 AD3d 662, 663-664; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984; cf. Beltway Capital, LLC v Soleil, 175 AD3d 451, 453; American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 621).
In view of the foregoing, we do not address the plaintiff's remaining contention.
Accordingly, the Supreme Court should have denied the intervenor's motion pursuant to CPLR 1012 and 1013 for leave to intervene in the action.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court