Bank of N.Y. Mellon Trust Co. v Kyung Lee (2025 NY Slip Op 05932)

Bank of N.Y. Mellon Trust Co. v Kyung Lee

2025 NY Slip Op 05932

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-04204
 (Index No. 615703/22)

[*1]Bank of New York Mellon Trust Company, etc., respondent, 
v
Kyung Lee, also known as Kyung Soon Lee, et al., defendants, 170H, LLC, appellant.

Matthew Tannenbaum (Christopher Thompson, West Islip, NY, of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger and Brian J. Slipakoff of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 170H, LLC, appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 16, 2024. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant 170H, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred is granted.
In January 2006, the defendant Kyung Lee, also known as Kyung Soon Lee, executed a consolidated note and consolidation, extension, and modification agreement (hereinafter CEMA) that was secured by a mortgage on a condominium unit located in Mount Sinai. The consolidated note and CEMA were subsequently assigned to the plaintiff. In October 2013, the plaintiff commenced an action against Kyung Lee, among others, to foreclose the mortgage (hereinafter the 2013 action). Kyung Lee failed to answer the amended complaint or otherwise appear in the 2013 action. In March 2018, Kyung Lee moved in the 2013 action pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted her against as abandoned. In an order dated December 31, 2018 (hereinafter the December 2018 order), the Supreme Court denied the motion, and Kyung Lee appealed. In a decision and order dated February 16, 2022, this Court reversed the December 2018 order and granted Kyung Lee's motion (see Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d 898).
In May 2022, title of the property was transferred to the defendant 170H, LLC (hereinafter 170H). Thereafter, in August 2022, the plaintiff commenced the instant foreclosure action against, among others, Kyung Lee and 170H. In lieu of answering the complaint, 170H moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against it as time-barred. The plaintiff opposed the motion, arguing that the action was timely commenced pursuant to the savings provision of CPLR 205(a). By order dated January 16, 2024, the Supreme [*2]Court denied 170H's motion. 170H appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "An acceleration of a mortgage debt can occur 'when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844, quoting Milone v US Bank N.A., 164 AD3d 145, 152; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707).
"'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (J.P. Morgan Mtge. Acquisition Corp. v South Homes, Inc., 189 AD3d 1381, 1382, quoting Gould v Decolator, 121 AD3d 845, 847). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Kravets v Striano, 229 AD3d 613, 613 [internal quotation marks omitted]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (St. Hillaire v Torres, 229 AD3d 476, 477 [internal quotation marks omitted]).
Here, 170H demonstrated, prima facie, that the mortgage debt was accelerated and that the six-year statute of limitations began to run in October 2013, when the plaintiff commenced the 2013 action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). 170H further established, prima facie, that since the plaintiff did not commence the instant action until August 2022, more than six years later, this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).
In opposition, the plaintiff argued that it was entitled to rely upon the savings provision of CPLR 205(a), despite the dismissal of the 2013 action pursuant to CPLR 3215(c). However, prior to the determination of 170H's motion, the Legislature passed the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), which "replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4)," such as here (Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695, 697; see CPLR 205[c]; U.S. Bank N.A. v Onuoha, 216 AD3d 1069). "FAPA specifically defines a dismissal pursuant to CPLR 3215 as a form of neglect that precludes a plaintiff from taking advantage of the six-month savings provision [of CPLR 205(a)]" (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 951; see CPLR 205-a[a]). The plaintiff's arguments challenging FAPA's retroactive application and constitutionality are without merit (see Citimortgage, Inc. v Gunn, 234 AD3d 922, 924; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted 170H's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court