CITIZENS SAVINGS AND LOAN ASSOCIATION OF NEW YORK, Plaintiff, v PROPRIETORS INSURANCE COMPANY et al., Defendants. (Action No. 1.)

CITIZENS SAVINGS AND LOAN ASSOCIATION OF NEW YORK, as Loss Payee Assignee of BELL BOWL, INC., et al., Respondents, v PROPRIETORS INSURANCE COMPANY, Appellant, et al., Defendants. (Action No. 2.)

BELL BOWL, INC., et al., Plaintiffs, v PROPRIETORS INSURANCE COMPANY, Defendant. (Action No. 3.)

Second Department, January 19, 1981

APPEARANCES OF COUNSEL

*Garbarini, Scher & DeCicco, P. C. (Philip A. DeCicco* of counsel), for appellant.

*Raymond B. Schwartzberg* for respondent.

DAMIANI, J.

This appeal involves an action (Action No. 2) by a mortgagee, Citizens Savings and Loan Association of New York, to recover under the provisions of a comprehensive property insurance policy which covered business interruption losses. The insurer, defendant Proprietors Insurance Company, appeals from an order which denied its motion to dismiss the action upon the ground that plaintiff had failed to timely serve a complaint, upon condition that plaintiff serve the complaint within 20 days of the date of the order, and which granted plaintiff's cross motion, *inter alia*, to consolidate this action with two other pending actions involving insurance proceeds allegedly due under other provisions of the policy.

In order to avoid dismissal for failure to timely serve a complaint it is incumbent upon a plaintiff to (1) provide a reasonable excuse for the delay and (2) demonstrate that the claim against the defendant has legal merit *(Barasch v Micucci*, 49 NY2d 594, 599). In this case, the plaintiff claims that the delay in serving its complaint (in Action No. 2) was attributable to the fact that the parties had engaged in extensive settlement negotiations which began before the action was commenced by the service of a summons on July 12, 1978 and which continued until July 24, 1979. However, plaintiff has failed completely to explain the delay from July 24, 1979 until a copy of a proposed complaint was finally submitted as an attachment to an affirmation dated September 10, 1979, submitted in opposition to the defendant insurer's motion to dismiss. In view of this period of unexplained delay Special Term should have granted the motion to dismiss (see *Barasch v Micucci, supra)*.

Plaintiff also failed to demonstrate that this action has legal merit. It was the mortgagee of certain premises improved with a building used as a bowling alley. The mortgage required the mortgagors, defendants Bell Bowl, Inc., and Bell-Man Holding Corp., to keep the premises insured against loss or damage by fire and other hazards for the benefit of the mortgagee. The defendant insurer issued a policy to the mortgagors which covered general property

damage to the bowling alley and its contents, general liability and business interruption losses. An indorsement to the policy named plaintiff as the mortgagee of the premises. Although the full policy is not contained in the record, every policy of fire insurance taken out in this State for the benefit of a mortgagee must, by statute, contain the so-called standard New York mortgagee clause (Real Property Law, § 254, subd 4; *B X Corp. v Aetna Ins. Co.*, 187 Misc 806, 811, affd 272 App Div 880, mot for lv to app den 272 App Div 961; see Note, Fire Insurance Recovery Rights of the Foreclosing Mortgagee, 8 Fordham Urban LJ 857, 859, n 19, for an example of the standard clause).

The insured building was damaged by fire, causing an interruption of business. The plaintiff commenced an action (Action No. 1) to obtain payment of insurance proceeds allegedly due for fire damage and commenced this action (Action No. 2) as the named "loss payee" under the policy to recover from the insurer sums allegedly due as the result of business interruption losses. Plaintiff's proposed complaint alleges that the policy provided that "loss, if any, under the policy, shall be payable to the plaintiff in this action, as mortgagee, *as its mortgage interest may appear*" (emphasis added).

In the case of *Fields v Western Millers Mut. Fire Ins. Co.* (290 NY 209, 212-213) it was held that where a policy contains language that it is issued to the owner and mortgagee "as their interests may appear," it has the effect of insuring the insurable interest of the mortgagee and does not simply make him the nominee of the owner insured to receive the insurance proceeds following loss. In such a case the insured mortgagee can recover upon his own interest only and not upon that of the owner *(Mussey v Atlas Mut. Ins. Co.*, 14 NY 79, 82).

The law of this State requires that the named insured have an insurable interest in the subject matter of the policy of insurance (30 NY Jur, Insurance, § 749; *Reed v Provident Sav. Life Assur. Soc.*, 190 NY 111; 3 Couch, Insurance [2d ed], § 24:1; Insurance Law, § 148). A mortgagee has an insurable interest in the property encumbered by the mortgage because it stands as security for his loan (3

Couch, Insurance [2d ed], § 24:72). The extent of the mortgagee's insurable interest under the "as interest may appear" language of the standard New York mortgagee clause is measured by the amount of his lien or charge upon the *premises* as it existed upon the date of the loss *(Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 674).

The question of insurable interest has seldom arisen in cases of business interruption insurance (Ann. 83 ALR2d 896, § 3, subd [c]). Ordinarily, policies insuring against loss from business interruption do not provide coverage of, or indemnify the insured against, loss or damage to physical property (44 Am Jur 2d, Insurance, § 1439; *Quality Molding Co. v American Nat. Fire Ins. Co.,* 272 F2d 779; *Michael v Prussian Nat. Ins. Co.,* 171 NY 25, 32-33). Business interruption insurance is, as here, generally in the form of a rider or indorsement on a policy insuring against loss or damage to physical assets. Such insurance coverage is, however, intended to protect against losses arising from the inability to use those assets to conduct the business *(Michael v Prussian Nat. Ins. Co., supra)*. In order to establish the existence of an insurable interest in a business, as opposed to the real and personal property with which that business is transacted, an insured must be able to show that he is liable to suffer pecuniary loss from the interruption of the business *(National Filtering Oil Co. v Citizens' Ins. Co. of Mo.,* 106 NY 535, 541). There has been no showing that the plaintiff mortgagee here had any pecuniary interest in the business carried on in the mortgaged premises. Its loan was secured by the mortgage lien upon the premises and the lien, in turn, was insured against diminution of the value of the security due to fire damage. Plaintiff has failed to allege or prove any source other than its mortgage as the basis for claiming an insurable interest in the business. We conclude that plaintiff's mortgage on the real property, in and of itself, does not give it an insurable interest in the business carried on therein. The owner and operator of the bowling alley have commenced an action (Action No. 3) against the defendant insurer which apparently seeks recovery of insured business interruption losses. They have an insurable *interest* in the business but the plaintiff mortgagee has failed to prove that it too has such an interest.

There is an additional reason to conclude that the plaintiff's action lacks legal merit. It is undisputed that a satisfaction of the plaintiff's mortgage was filed in the office of the City Register for Queens County after the fire loss. The rule in this State is well established that a mortgagee is entitled to but one satisfaction of his debt and no more *(Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28 NY2d 332, 335). The purpose of the standard mortgagee clause in a policy of insurance is to indemnify the mortgagee against the diminution of the value of the security for his loan due to loss from certain perils and thereby to make certain that in the event of such a loss, the mortgagee would be protected up to the amount of his lien *(Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 675, *supra).* Full or partial extinguishment of the debt itself, whether prior or subsequent to the loss, precludes recovery by the mortgagee to the extent thereof under the standard mortgagee clause for the simple reason that the debt has, to that extent, been extinguished *(Rosenbaum v Funcannon,* 308 F2d 680, 684; *Whitestone Sav. & Loan Assn. v Allstate Ins. Co., supra,* p 336; *Moke Realty Corp. v Whitestone Sav. & Loan Assn.,* 82 Misc 2d 396, 399, affd 51 AD2d 1005, affd 41 NY2d 954).

The plaintiff contends that the satisfaction was filed as part of a refinancing of the premises, which is presently encumbered by a new mortgage with a new mortgagor. The fact remains, however, that the filing of a mortgage satisfaction is prima facie evidence of payment of the underlying debt owed by the former mortgagor *(Van Slooten v Wheeler,* 140 NY 624; 2 Jones, Mortgages [8th ed], § 1262). There has been no claim that the satisfaction is false or fraudulent. Apparently sufficient consideration passed as part of the refinancing agreement to extinguish the old debt and to create a new one with a different obligor as the mortgagor. Indeed, the plaintiff could have obtained an assignment of the proceeds of the insurance as part of the consideration for extinguishing the lien of the original mortgage. It could have permitted the new mortgagor to assume the old debt or to take subject to the former mortgage. Apparently, it did not do so. No such assignment, assumption or taking subject to the former mortgage has been alleged or proved and in the absence thereof plaintiff has failed to establish that its

claim for payment of the *insurance* proceeds in question has merit.

Accordingly, the order appealed from should be reversed, the defendant insurer's motion to dismiss should be granted and the plaintiff's cross motion, *inter alia*, for consolidation should be dismissed as academic.

HOPKINS, J. P., LAZER and COHALAN, JJ., concur.

Order of the Supreme Court, Queens County, entered October 9, 1979, reversed, on the law, with $50 costs and disbursements, appellant's motion granted, complaint (Action No. 2) dismissed and respondent's cross motion dismissed as academic.