■ NORTH FORK BANK & TRUST COMPANY, Respondent, v NATIONWIDE ASSOCIATES, INC., Appellant. [691 NYS2d 177] —In an action to recover damages for money had and received and unjust enrichment, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered February 10, 1998, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $40,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On or about September 15, 1986, Twilight Building Corp. (hereinafter Twilight) gave the plaintiff a mortgage covering 53 building lots to secure the repayment of a loan. The mortgage provided that individual lots could be released from the mortgage upon the payment of $40,000 per lot. On or about October 30, 1987, Twilight gave the defendant a second mortgage on 6 of the 53 lots to secure the repayment of a loan from the defendant. Twilight defaulted on the mortgage, and the defendant took title to the 6 lots by a deed dated May 14, 1990, and recorded October 11, 1990. The plaintiff filed a satisfaction of its mortgage from Twilight dated September 23, 1991. The plaintiff subsequently discovered that it had erred in filing the satisfaction of mortgage and so advised the defendant in January of 1992. However, on February 5, 1992, the defendant sold Lot No. 14, without paying the plaintiff a $40,000 "release payment" as provided for in the Twilight mortgage, and the plaintiff brought this action to recover damages for money had and received and unjust enrichment.

The plaintiff acknowledges that its mortgage on the subject property was paid in full and a satisfaction of mortgage was filed on September 23, 1993. A mortgagee is entitled to one satisfaction of its debt and no more (*see, Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28 NY2d 332; *Citizens Sav. & Loan Assn. v Proprietors Ins. Co.,* 78 AD2d 377). Inasmuch as the defendant did not assume the obligations of Twilight under the September 15, 1986, mortgage (*see,* General Obligations Law § 5-705), the plaintiff failed to demonstrate that the defendant obtained money which rightfully belonged to it by, *inter alia,* imposition, extortion, or deceit. Although Lot No. 14, belonging to the defendant, was sold without the payment of the $40,000

release fee, the plaintiff's payment records indicate that at least 20 other lots were released from the lien of the mortgage without the payment of any fee, or at a reduced fee, and the plaintiff's alleged loss did not result from any inequitable conduct of the defendant. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.