Wells Fargo Bank, N.A. v Douglas (2020 NY Slip Op 04425)





Wells Fargo Bank, N.A. v Douglas


2020 NY Slip Op 04425


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-04241
 (Index No. 18103/11)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Karl Douglas, etc., et al., appellants, et al., defendants.


Richard V. Kanter, Melville, NY, for appellants.
Knuckles Komosinski & Manfro LLP, Elmsford, NY (Jordan J. Manfro and Brett M. Milchman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, to rescind a satisfaction of a first mortgage, and to restore the first mortgage, the defendants Karl Douglas and Deborah Douglas appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 19, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 5, 2007, the defendants Karl Douglas and Deborah Douglas (hereinafter together the defendants) obtained a loan from Tribeca Lending Corporation (hereinafter Tribeca) in the amount of $3,050,000 secured by a mortgage held by Mortgage Electronic Registration System (hereinafter MERS), as nominee for Tribeca. In March 2009, the defendants obtained a second mortgage loan in the amount of $100,893.52 from Huntington National Bank (hereinafter Huntington), and executed a "Consolidation, Extension, and Modification Agreement" (hereinafter CEMA), pursuant to which the first and second notes and mortgages were consolidated into a single lien in the sum of $3,117,000. MERS, as nominee for Tribeca, executed a satisfaction of the first mortgage, dated July 6, 2009, reflecting the full satisfaction and discharge of the first mortgage; the satisfaction was filed with the Nassau County Clerk.
By a written assignment dated July 28, 2011, and as evidenced by an undated allonge to the consolidated note reflecting the endorsement by Huntington to the plaintiff, the consolidated note and mortgage were assigned and transferred to the plaintiff. The plaintiff commenced the instant action on December 30, 2011, to foreclose the consolidated mortgage, to rescind the satisfaction of the first mortgage, and to restore the first mortgage. The complaint alleged, inter alia, that the satisfaction of mortgage had been "prepared and executed wholly in error and in actuality the mortgage obligation had never been satisfied, and remains unsatisfied." In their answer, the defendants alleged, inter alia, that the plaintiff lacked standing to foreclose and had failed to allege facts sufficient to warrant vacatur of the satisfaction of mortgage.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as [*2]asserted against the defendants and for an order of reference. In support, the plaintiff submitted the consolidated mortgage, the unpaid consolidated note, the CEMA, evidence of the defendant's default, and evidence that the plaintiff was in possession of the original note, endorsed specifically to the plaintiff, since March 21, 2011, a date more than nine months prior to the commencement of the action (see U.S. Bank, N.A. v Cardenas, 160 AD3d 784; U.S. Bank N.A. v Ellis, 154 AD3d 710, 711; U.S. Bank N.A. v Cruz, 147 AD3d 1103, 1104; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007). The defendants opposed the motion, relying upon, inter alia, the satisfaction of the first mortgage. Determining that the plaintiff established its prima facie entitlement to judgment as a matter of law and that the defendants failed to raise a triable issue of fact in opposition, the Supreme Court granted the motion. The defendants appeal.
Contrary to the defendants' contention, the defendants failed to raise a triable issue of fact which would warrant denial of the plaintiff's motion. "A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (New York Community Bank v Vermonty, 68 AD3d 1074, 1076; see Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d 986, 987; Beltway Capital, LLC v Soleil, 104 AD3d 628, 631; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983). In the instant matter, the defendants increased the outstanding balance of the first mortgage loan by borrowing pursuant to the second mortgage loan and executing the CEMA. Although the CEMA created a single mortgage lien, the first lien "retain[ed] [its] independent force and effect" (Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495, 498 [internal quotation marks omitted]; see Federal Deposit Ins. Corp. v Five Star Mgt., 258 AD2d 15, 22). "Where, as here, balances of first mortgage loans are increased with second mortgage loans and CEMAs are executed to consolidate the mortgages into single liens, the first notes and mortgages still exist" (Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d at 498). "Further, an assignment of a loan obligation means that the obligation has been transferred, not paid in full and, thus, . . . does not render the obligation satisfied and discharged" (id.).
Here, it is clear that MERS, as nominee for Tribeca, erred in executing and filing, on July 6, 2009, the satisfaction of mortgage by which it certified that the "Indenture of [the First] Mortgage," in the amount of $3,050,000, had been paid. Nor, at that time, did MERS, as nominee for Tribeca, have the authority to "consent that the same be discharged of record," since Tribeca was no longer a holder of the first note. Accordingly, contrary to the defendants' contention, the plaintiff submitted sufficient evidence to establish, prima facie, that the satisfaction of mortgage was erroneously executed and filed. Since the defendants failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562), we agree with the Supreme Court's determination to award summary judgment to the plaintiffs on this issue.
The defendants' contentions with regard to their fourth counterclaim, raised for the first time on appeal, are not properly before this Court (see KISSM Realty Corp. v Brooklyn Community Mgt., LLC, 129 AD3d 781, 783).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court