Milky Way II, LLC v Kamar (2021 NY Slip Op 03317)





Milky Way II, LLC v Kamar


2021 NY Slip Op 03317


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00645
 (Index No. 514211/16)

[*1]Milky Way II, LLC, appellant, 
v
Anil Kamar, etc., et al., defendants, 87A Cooper, LLC, et al., respondents.


Hasbani & Light, P.C., New York, NY (Danielle P. Light of counsel), for appellant.
Dorf & Nelson, LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent 87A Cooper, LLC.
McLaughlin & Stern, LLP, Great Neck, NY (Andrew J. Luskin and Todd Harris Hesekiel of counsel), for respondent Julem Capital Corp.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order granted the motion of the defendant Julem Capital Corp., and the separate motion of the defendant 87A Cooper, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In a note dated August 2, 2006, the defendant Anil Kamar borrowed $126,000 from nonparty Impac Funding Corporation (hereinafter Impac Funding). As security, Impac Funding was given a mortgage on property located at 87A Cooper Street in Brooklyn.
The plaintiff, Milky Way II, LLC, Impac Funding's successor in interest, commenced the instant action to foreclose the mortgage on August 11, 2016. The defendant Julem Capital Corp. (hereinafter Julem), a subsequent mortgagee of the property, moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that the mortgage debt had already been satisfied. In support, Julem submitted a satisfaction of mortgage, recorded by the New York City Department of Finance, Office of the City Register, dated June 14, 2016. The satisfaction of mortgage was signed by Steve Yamamoto of Impac Funding. Julem also submitted an affidavit from Yamamoto, in which he states: "I am the person that signed the SAT [satisfaction of mortgage]. The SAT was not issued in error. The SAT was issued as the result of the agreed upon short payoff of the Impac Mortgage. The SAT is, therefore, correct and not erroneous as plaintiff claims" (emphasis in original). The defendant 87A Cooper, LLC (hereinafter 87A Cooper), the current owner of the property, also moved for summary judgment dismissing the complaint insofar as asserted against it, adopting Julem's evidence and arguments.
In opposition, the plaintiff argued that Yamamoto's affidavit was insufficient to establish that the mortgage debt had been satisfied.
In an order dated January 2, 2019, the Supreme Court granted both motions, holding that "[t]he evidence proffered demonstrates that the lien was resolved by payment to Impac when [*2]it was still the holder of the lien." The plaintiff appeals.
The Supreme Court properly granted the separate motions of Julem and 87A Cooper for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the mortgage debt had already been satisfied. Where a mortgage debt has been satisfied, there is no longer a mortgage on which to foreclose (see Schultz v Beulah Land Farm & Racing Stables , 181 AD2d 1020, 1021). "The rule in this State is well established that a mortgagee is entitled to but one satisfaction of [the] debt and no more" (Citizens Sav. & Loan Assn. of N.Y. v Proprietors Ins. Co. , 78 AD2d 377, 381). "[T]he filing of a mortgage satisfaction is prima facie evidence of payment of the underlying debt owed by the former mortgagor" (id . at 381).
Here, Julem and 87A Cooper established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting the satisfaction of mortgage. The plaintiff's argument that the affidavits submitted were insufficient to establish satisfaction of the debt is without merit, as those affidavits were unnecessary. The satisfaction of mortgage, alone, was sufficient for Julem and 87A Cooper to meet their prima facie burdens (see Citizens Sav. & Loan Assn. of N.Y. v Proprietors Ins. Co. , 78 AD2d at 381). In opposition, the plaintiff failed to raise a triable issue of fact.
Therefore, the Supreme Court properly granted the separate motions of Julem and 87A Cooper for summary judgment dismissing the complaint insofar as asserted against each of them.
In view of the foregoing, we do not address the parties' remaining contentions.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court