U.S. Bank N.A. v Kandra (2021 NY Slip Op 04679)





U.S. Bank N.A. v Kandra


2021 NY Slip Op 04679


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-12176
 (Index No. 2452/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Harpreet Kandra, appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Aldridge Pite, LLP, Melville, NY (Kenneth Sheehan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Harpreet Kandra appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated July 30, 2019. The order, insofar as appealed from, granted the plaintiff's cross motion to expunge a satisfaction of mortgage recorded against the subject property.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross motion to expunge a satisfaction of mortgage recorded against the subject property is denied.
On November 18, 2005, the defendant Harpreet Kandra (hereinafter the defendant) executed a note in the sum of $640,000 (hereinafter the first note) in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC). The note was secured by a mortgage (hereinafter the first mortgage) on residential property in Amityville (hereinafter the premises). Also on November 18, 2005, the defendant executed a second note in the sum of $210,000 (hereinafter the second note) in favor of HSBC, which was secured by a second mortgage (hereinafter the second mortgage) on the premises.
By Assignment of Mortgage dated July 10, 2007, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for HSBC, assigned the first mortgage to HSBC. The defendant allegedly defaulted on his obligations under the first note and mortgage by failing to make the monthly payments due on September 1, 2008, and thereafter. By Assignment of Mortgage dated January 15, 2009, HSBC assigned the first mortgage to the plaintiff.
On January 20, 2009, the plaintiff commenced this action against the defendant, among others, to foreclose the first mortgage. The defendant failed to appear or answer the complaint. On February 15, 2013, HSBC, as attorney in fact for the plaintiff, recorded a Satisfaction of Mortgage dated October 11, 2012, "satisf[ying] and discharg[ing]" the first mortgage.
By order dated January 11, 2016, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. On December 19, 2016, the court granted the plaintiff's motion and on January 18, 2017, entered a judgment of foreclosure and sale. Pursuant to a notice of sale dated April 11, [*2]2017, a foreclosure sale was scheduled for May 10, 2017.
On May 5, 2017, the defendant moved to vacate the judgment of foreclosure and sale and to enjoin the scheduled foreclosure sale of the premises. In support of the motion, the defendant argued, among other things, that the first mortgage was not "capable of foreclosure" in light of the satisfaction of mortgage that was recorded on February 15, 2013. The plaintiff cross-moved to expunge the satisfaction of mortgage, arguing that the satisfaction of mortgage was recorded in error and that the first mortgage had not been paid in full. The Supreme Court denied the defendant's motion, inter alia, to vacate the judgment of foreclosure and sale, and granted the plaintiff's cross motion to expunge the satisfaction of mortgage. The defendant appeals.
"A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording," (New York Community Bank v Vermonty, 68 AD3d 1074, 1076; see Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534). Here, it is undisputed that the first mortgage had not been paid, and there is no allegation of any detrimental reliance on the allegedly erroneous recording of the satisfaction of mortgage.
However, the plaintiff failed to establish its entitlement to the relief sought. In support of its cross motion to expunge the satisfaction of mortgage, the plaintiff submitted, inter alia, the affidavit of Denise Dickman, an assistant vice president of HSBC, the plaintiff's loan servicer, who averred that she was familiar with the business records maintained by HSBC for the purpose of servicing mortgage loans for the plaintiff and that she had personal knowledge of the manner in which those business records were created. Dickman further averred that the satisfaction of mortgage was intended to be recorded against the second mortgage, under which the defendant had defaulted and which HSBC had "charged off as uncollectable." However, "[d]ue to a clerical error, a loan number was not included with the processing request for the charge off," and, consequently, a satisfaction of mortgage was "prepared, executed and filed in error" against the first mortgage.
Since Dickman attested that she was familiar with HSBC's record-keeping practices and procedures, her affidavit laid a proper foundation for the admission of the business records on which she relied in asserting that the satisfaction of mortgage was erroneously filed due to a clerical error (cf. U.S. Bank N.A. v Martin, 144 AD3d 891, 892). However, Dickman's assertions as to the contents of those records were inadmissible since the records themselves were not submitted with her affidavit (see American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). Therefore, her averments were inadmissible hearsay and lacked probative value (see Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689).
Accordingly, the Supreme Court should have denied the plaintiff's cross motion to expunge the satisfaction of mortgage.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court