Bank of Am., N.A. v Schwartz (2021 NY Slip Op 06602)





Bank of Am., N.A. v Schwartz


2021 NY Slip Op 06602


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2017-02918
2017-02920
2019-01630
 (Index No. 32626/14)

[*1]Bank of America, National Association, respondent, 
v
Susan Schwartz, et al., appellants, et al., defendant.


Jeremy Rosenberg, New York, NY, for appellants.
Gross Polowy, LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel]), for respondent.
In an action, inter alia, to foreclose a mortgage, the defendants Susan Schwartz and Laszlo Schwartz appeal from two orders of the Supreme Court, Rockland County (Gerald E. Loehr, J.), both dated February 14, 2017, and an order and judgment of foreclosure and sale (one paper) of the same court dated January 10, 2019. The first order dated February 14, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, for an order of reference, and to vacate, cancel, and expunge a satisfaction and discharge of mortgage recorded on November 18, 2005, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The second order dated February 14, 2017, insofar as appealed from, granted and denied the same relief, appointed a referee to compute the amount due to the plaintiff, and vacated, cancelled, and expunged the satisfaction and discharge of mortgage recorded on November 18, 2005. The order and judgment of foreclosure and sale, among other things, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
By order to show cause dated November 1, 2019, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the orders dated February 14, 2017, on the ground that the right of direct appeal therefrom terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated July 1, 2020, the motion to dismiss the appeals from the orders was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.



DECISION & ORDER
Now, upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders dated February 14, 2017, is granted; and it is further,
ORDERED that the appeals from the orders dated February 14, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated February 14, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On October 31, 2003, the defendant Susan Schwartz obtained a loan from Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), in the amount of $600,000, secured by a mortgage held by Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Greenpoint. On April 12, 2005, the defendants Susan Schwartz and Laszlo Schwartz (hereinafter together the defendants) obtained a second mortgage loan in the amount of $8,421.28 from Greenpoint, and executed a "Consolidation, Extension, and Modification Agreement" (hereinafter CEMA), pursuant to which the first and second notes and mortgages were consolidated into a single lien in the sum of $600,000. MERS, as nominee for Greenpoint, executed a satisfaction of the first mortgage dated October 31, 2005, reflecting the full satisfaction and discharge of the first mortgage; the satisfaction was filed with the Rockland County Clerk on November 18, 2005.
In June 2014, the plaintiff commenced this action against the defendants, among others, to foreclose the consolidated mortgage, to cancel and vacate the satisfaction of the first mortgage, and to restore the first mortgage. The complaint alleged, inter alia, that the satisfaction of mortgage had been prepared "[t]hrough inadvertence and mistake." The plaintiff thereafter moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, for an order of reference, and to vacate, cancel, and expunge the satisfaction and discharge of mortgage recorded on November 18, 2005. The defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In two orders, both dated February 14, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendants' cross motion. In an order and judgment of foreclosure and sale dated January 10, 2019, the court, inter alia, granted the plaintiff's motion to confirm a referee's report and directed the sale of the subject property. The defendants appeal.
"'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 657, quoting Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Here, in opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact and failed to establish entitlement to judgment as a matter of law on their cross motion. It is undisputed that the defendants executed the consolidated note, consolidated mortgage, and the CEMA. It is further undisputed that the defendants defaulted on their mortgage payment due on March 1, 2009, and thereafter. The defendants' argument that the mortgage was satisfied as a matter of law and therefore there is no existing mortgage upon which the plaintiff can foreclose is without merit.
"'Where, as here, balances of first mortgage loans are increased with second mortgage loans and CEMAs are executed to consolidate the mortgages into single liens, the first notes and mortgages still exist'" (Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534, quoting Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495, 498). "'A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording'" (Wells Fargo Bank, N.A. v Douglas, 186 AD3d at 534, quoting New York Community Bank v Vermonty, 68 AD3d 1074, 1076).
Here, the plaintiff demonstrated, prima facie, that MERS, as nominee for Greenpoint, erred in executing and filing the satisfaction of mortgage dated October 31, 2005, which certified that the first mortgage in the principal sum of $600,000 was paid. Moreover, the satisfaction references the second mortgage, dated April 12, 2005, in the sum of $8,421.28, and acknowledges [*2]that the two mortgages were combined and consolidated to form a "single first lien." Accordingly, the defendants failed to raise a triable issue of fact or support their contention that no mortgage existed upon which the plaintiff can foreclose.
Thus, the Supreme Court properly determined that the plaintiff established its prima facie entitlement to summary judgment on the complaint insofar as asserted against the defendants, and that the defendants failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, for an order of reference, and to vacate, cancel, and expunge the satisfaction and discharge of mortgage recorded on November 18, 2005, and denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court