Wells Fargo Bank, N.A. v Taylor (2023 NY Slip Op 00127)

Wells Fargo Bank, N.A. v Taylor

2023 NY Slip Op 00127

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-03915
 (Index No. 9994/11)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Danval Taylor, appellant, et al., defendants.

Richard J. Soleymanzadeh, Carle Place, NY, for appellant.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Danval Taylor appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 26, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In 2011, the plaintiff commenced this action against the defendant Danval Taylor (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property in Bellmore. The defendant interposed an answer, asserting various affirmative defenses, including lack of standing, and seven counterclaims. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated April 8, 2015, the Supreme Court denied the motion, without prejudice, on the ground that the plaintiff failed to demonstrate, prima facie, its compliance with RPAPL 1304.
Subsequently, the plaintiff moved, for a second time, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the grounds that the plaintiff failed to comply with RPAPL 1304 and lacked standing to commence the action. In an order entered October 11, 2016, the court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross motion. The defendant appealed, and in a decision and order dated March 13, 2019, this Court modified the order to deny those branches of the plaintiff's motion, finding that the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, and affirmed the denial of the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him (see Wells Fargo Bank, N.A. v Taylor, 170 AD3d 921). With regard to the defendant's cross motion, this Court found that the "defendant failed to demonstrate, prima facie, that the complaint should be dismissed based upon the plaintiff's failure to comply with RPAPL 1304," and that the defendant had failed to make a prima facie showing that the plaintiff lacked standing (id. at 924). Thereafter, the plaintiff moved, for a third time, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. By order entered September 9, 2019, the court, inter alia, denied the motion on the ground that the plaintiff failed to demonstrate its compliance with RPAPL 1304.
In November 2019, the defendant again moved for summary judgment dismissing the [*2]complaint insofar as asserted against him, on the grounds that the plaintiff failed to comply with RPAPL 1304 and lacked standing to commence the action. The plaintiff opposed the motion arguing, among other things, that it was not required to comply with RPAPL 1304 since the loan was not a "home loan" within the meaning of RPAPL 1304. By order entered February 26, 2020, the Supreme Court denied the defendant's motion, and the defendant appeals.
RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." In support of his motion, the defendant established prima facie, that the plaintiff failed to comply with RPAPL 1304 (see Bank of N.Y. Mellon v Weber, 169 AD3d 981, 985). However, in opposition, the plaintiff raised a triable issue of fact as to whether RPAPL 1304 was inapplicable as the subject property was not the defendant's principal dwelling, and therefore the mortgage loan was not a "home loan" within the meaning of the statute (RPAPL former 1304[5][a]; L 2009, ch 507, § 1-a, eff Jan 14, 2010; see generally Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1006). In support of its opposition, the plaintiff relied on the defendant's affidavit submitted in support of the motion, wherein the defendant averred that he has "always resided in Brooklyn and [has] never resided in the subject property in Nassau County."
On a motion to dismiss for lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Flagstar Bank, FSB v Campbell, 137 AD3d 853, 854 [internal quotation marks omitted]). Here, the defendant failed to make a prima facie showing that the plaintiff lacked standing (see Flagstar Bank, FSB v Campbell, 137 AD3d at 854).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court