Bank of Am., N.A. v Reed (2025 NY Slip Op 03695)

Bank of Am., N.A. v Reed

2025 NY Slip Op 03695

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-02688
 (Index No. 708158/16)

[*1]Bank of America, N.A., appellant-respondent,
v
Alvin Reed, etc., defendant-respondent-appellant, et al., defendants; Beach 12 Development Corp., nonparty-respondent-appellant.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant-respondent.
Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for defendant-respondent-appellant and nonparty-respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage and to expunge a satisfaction of mortgage, the plaintiff appeals, and the defendant Alvin Reed and nonparty Beach 12 Development Corp. cross-appeal, from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated February 21, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Alvin Reed, for an order of reference, and to expunge the satisfaction of mortgage. The order, insofar as cross-appealed from, denied those branches of the cross-motion of the defendant Alvin Reed and nonparty Beach 12 Development Corp. which were for leave to intervene in the action by nonparty Beach 12 Development Corp., for summary judgment dismissing the complaint insofar as asserted against the defendant Alvin Reed, or, in the alternative, to direct the plaintiff to provide an undertaking pursuant to General Business Law § 394-a(2) and Uniform Commercial Code § 3-804.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross-motion of the defendant Alvin Reed and nonparty Beach 12 Development Corp. which was for leave to intervene in the action by nonparty Beach 12 Development Corp., and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In October 2003, the defendant Alvin Reed obtained a home equity line of credit (hereinafter the HELOC) in the amount of $200,000 from Fleet National Bank, which was secured by a mortgage on certain real property located in Queens Village (hereinafter the premises). Reed allegedly defaulted on his obligations under the HELOC and the mortgage by failing to make the monthly payments due on January 5, 2014, and thereafter. Nonetheless, in April 2014, the plaintiff, the successor by merger to Fleet National Bank, recorded a satisfaction of mortgage in favor of Reed indicating that the mortgage had been satisfied and discharged (hereinafter the satisfaction of mortgage).
In July 2016, the plaintiff commenced this action against Reed, among others, to foreclose the mortgage and to expunge the satisfaction of mortgage. Thereafter, by deed dated March 19, 2021, Reed transferred title to the premises to nonparty Beach 12 Development Corp. (hereinafter Beach 12 and, together with Reed, the cross-appellants). In June 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Reed, for an order of reference, and to expunge the satisfaction of mortgage. The cross-appellants opposed the plaintiff's motion and cross-moved, among other things, for leave to intervene in the action by Beach 12, for summary judgment dismissing the complaint insofar as asserted against Reed, or, in the alternative, to direct the plaintiff to provide an undertaking pursuant to General Business Law § 394-a(2) and Uniform Commercial Code § 3-804. By order dated February 21, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and of the cross-appellants' cross-motion. This appeal and cross-appeal ensued.
Initially, the Supreme Court improvidently exercised its discretion in denying that branch of the cross-appellants' cross-motion which was for leave to intervene in the action by Beach 12 (see U.S. Bank N.A. v Medina, 230 AD3d 1371, 1373-1375; cf. JPMorgan Chase Bank, N.A. v Mule, 230 AD3d 1234, 1236). "Upon a timely motion, a person is permitted to intervene as of right when the representation of that person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment, or when the action involves the disposition of property and that person may be affected adversely by the judgment" (U.S. Bank N.A. v Medina, 230 AD3d at 1373, citing CPLR 1012[a][2], [3]). "In addition, CPLR 1013 provides that a court has discretion to permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact" (Atlantic Ave. Capital, LLC v 980 Atl. Holdings, LLC, 231 AD3d 692, 694 [internal quotation marks omitted]). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance, since intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (JPMorgan Chase Bank, N.A. v Mule, 230 AD3d at 1235 [internal quotation marks omitted]). "Intervention may occur at any time, provided that it does not unduly delay the action or prejudice existing parties" (HSBC Bank USA, N.A. v Islam, 222 AD3d 731, 732 [alteration and internal quotation marks omitted]).
Here, the cross-appellants demonstrated that Beach 12 was entitled to intervene as of right by showing that this "action involve[s] the disposition of title to real property" and that Beach 12, which became the title owner of the premises after the plaintiff's filing of a notice of pendency, "would be bound and adversely affected by a judgment of foreclosure and sale" (U.S. Bank N.A. v Medina, 230 AD3d at 1374; see CPLR 1012[a][3]; JPMorgan Chase Bank, N.A. v Mule, 230 AD3d at 1236). Contrary to the plaintiff's contention, the cross-appellants' cross-motion, among other things, for leave to intervene in the action by Beach 12 was timely (see HSBC Bank USA, N.A. v Islam, 222 AD3d at 732). Since the cross-motion "was made before an order of reference or judgment of foreclosure and sale was issued, the plaintiff was not prejudiced by the timing of the cross[-]motion" (Bank of Am., NA v Nocella, 194 AD3d 900, 902; see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 785). Accordingly, the Supreme Court should have granted that branch of the cross-appellants' cross-motion which was for leave to intervene in the action by Beach 12 (see Atlantic Ave. Capital, LLC v 980 Atl. Holdings, LLC, 231 AD3d at 694; Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785).
Contrary to the plaintiff's further contention, the Supreme Court properly denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against Reed, for an order of reference, and to expunge the satisfaction of mortgage. "Where a mortgage debt has been satisfied, there is no longer a mortgage on which to foreclose" (Milky Way II, LLC v Kamar, 194 AD3d 1037, 1038; see Reale v Tsoukas, 146 AD3d 833, 835). "[T]he filing of a mortgage satisfaction is prima facie evidence of payment of the underlying debt owed by the former mortgagor" (Citizens Sav. & Loan Assn. of N.Y. v Proprietors Ins. Co., 78 AD2d 377, 381). "A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534 [internal quotation marks omitted]).
Here, the plaintiff failed to meet its prima facie burden on that branch of its motion which was to expunge the satisfaction of mortgage (see U.S. Bank N.A. v Kandra, 197 AD3d 590, 592-593). In the complaint, the plaintiff alleged that its filing of the satisfaction of mortgage "was erroneous and inadvertent." In support of its motion, the plaintiff submitted, among other things, an affidavit from its authorized representative that failed to address the satisfaction of mortgage and to demonstrate that the filing thereof was erroneous and inadvertent (see id.; Onewest Bank, FSB v Michel, 143 AD3d 869, 871; cf. Wells Fargo Bank, N.A. v Douglas, 186 AD3d at 534). Contrary to the plaintiff's contention, the fact "that the . . . mortgage had not been paid," standing alone, was insufficient to satisfy the plaintiff's prima facie burden (U.S. Bank N.A. v Kandra, 197 AD3d at 592). Since a plaintiff cannot foreclose on a satisfied mortgage (see Milky Way II, LLC v Kamar, 194 AD3d at 1038), the plaintiff also failed to meet its prima facie burden on those branches of its motion which were for summary judgment on the complaint insofar as asserted against Reed and for an order of reference (see Onewest Bank, FSB v Michel, 143 AD3d at 871; Yildiz v Vural Mgt. Corp., 61 AD3d 970, 970).
In any event, the plaintiff otherwise failed to meet its prima facie burden. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]). "[W]here, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the [plaintiff] is also required to make a prima facie showing of strict compliance with RPAPL 1304" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 657). "Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Rodriguez, 210 AD3d 728, 730 [alteration and internal quotation marks omitted]). "Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable" and, therefore, that "the loan is not subject to the notice requirements set forth in [the statute]" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985). "'Home loan' is defined as a loan, inter alia, that is secured by a mortgage on real estate 'which is or will be occupied by the borrower as the borrower's principal dwelling'" (MLB Sub I, LLC v Mathew, 202 AD3d 1078, 1080, quoting RPAPL 1304[6][a][1][iii]).
Here, the plaintiff contends that it was not required to serve Reed with an RPAPL 1304 notice prior to commencing this action because the statute was inapplicable. However, the plaintiff failed to establish, prima facie, that the subject loan was not a "home loan" and, thus, was not subject to the notice requirements of RPAPL 1304 (see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1051; U.S. Bank N.A. v Reddy, 220 AD3d 967, 970). In support of its motion, the plaintiff submitted, inter alia, a copy of the HELOC agreement executed by Reed in 2003, which listed the premises as his address. The plaintiff otherwise failed to submit evidence demonstrating that Reed did not use the premises as his principal dwelling at the time Reed signed the HELOC agreement or thereafter (see U.S. Bank N.A. v Reddy, 220 AD3d at 970-971; cf. Wall St. Mtge. Bankers, Ltd. v Berquin, 213 AD3d 972, 975). Contrary to the plaintiff's contention, its submissions failed to demonstrate that the premises were not Reed's principal dwelling at the time this action was commenced. Even if its submissions had so established, the plaintiff would not have been relieved of the obligation to serve Reed with the RPAPL 1304 notice prior to commencing this action (see U.S. Bank N.A. v Maher, 219 AD3d 1372, 1375; Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1180-1181).
Contrary to the cross-appellants' contention, the Supreme Court correctly denied that branch of their cross-motion which was for summary judgment dismissing the complaint insofar as asserted against Reed. In support of that branch of their cross-motion, the cross-appellants asserted that RPAPL 1304 was applicable and that dismissal was warranted due to the plaintiff's failure to serve Reed with the statutory notice prior to commencing this action. The cross-appellants established their prima facie entitlement to judgment as a matter of law on this ground, among other things, by submitting the HELOC agreement and an affidavit from Reed wherein he averred that "the [p]remises [were his] home and primary residence from 1971 until 2021" (see Wells Fargo Bank, N.A. v Taylor, 212 AD3d 685, 687; cf. Citimortgage, Inc. v Simon, 137 AD3d 1190, 1192). In [*2]opposition, however, the plaintiff raised a triable issue of fact as to whether RPAPL 1304 was inapplicable by submitting, inter alia, documents from 2013 through 2019 listing a property in Harlem as Reed's address and an affidavit from Reed executed in 2013 in an unrelated action wherein he averred that he had "been a member of the Harlem [c]ommunity for over [s]ixty-[f]ive (65) years" (see Wells Fargo Bank, N.A. v Taylor, 212 AD3d at 687; U.S. Bank N.A. v Shereshevsky, 198 AD3d 1000, 1001). Moreover, the cross-appellants failed to meet their prima facie burden of demonstrating the plaintiff's alleged lack of standing as a matter of law (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 763; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652).
Furthermore, contrary to the cross-appellants' further contention, the Supreme Court did not improvidently exercise its discretion in denying that branch of their cross-motion which was, in the alternative, to direct the plaintiff to provide an undertaking pursuant to General Business Law § 394-a(2) and Uniform Commercial Code § 3-804 (see Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d 986, 988; Gade v Islam, 2017 NY Slip Op 31752[U], *12-13 [Sup Ct, NY County]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court