US Bank, N.A. v Kandra (2025 NY Slip Op 06889)

US Bank, N.A. v Kandra

2025 NY Slip Op 06889

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-02556
2023-06116
 (Index No. 2452/09)

[*1]US Bank, National Association, etc., appellant,
vHarpreet S. Kandra, etc., respondent, et al., defendants.

Aldridge Pite, LLP, Melville, NY (Kenneth Sheehan of counsel), for appellant.
Jeffrey Herzberg, P.C., Hauppauge, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated January 23, 2023, and (2) an order of the same court dated May 30, 2023. The order dated January 23, 2023, denied the plaintiff's motion, in effect, for leave to renew its prior cross-motion to expunge a satisfaction of mortgage recorded against the subject property, which had been determined in an order of the same court (Denise F. Molia, J.) dated July 30, 2019. The order dated May 30, 2023, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated January 23, 2023, denying the plaintiff's motion, in effect, for leave to renew its prior cross-motion to expunge a satisfaction of mortgage recorded against the subject property.
ORDERED that the appeal from the order dated January 23, 2023, is dismissed, as that order was superseded by the order dated May 30, 2023, made, in effect, upon reargument; and it is further,
ORDERED that the order dated May 30, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Harpreet S. Kandra.
On November 18, 2005, the defendant Harpreet S. Kandra (hereinafter the defendant) executed a note in the sum of $640,000 in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC). The note was secured by a mortgage (hereinafter the first mortgage) on certain real property located in Amityville (hereinafter the premises). Also on November 18, 2005, the defendant executed a second note, in the sum of $210,000, in favor of HSBC, which was secured by a second mortgage on the premises. Thereafter, the first mortgage was assigned to the plaintiff.
On January 20, 2009, the plaintiff commenced this action against the defendant, among others, to foreclose the first mortgage. On February 15, 2013, a satisfaction of mortgage discharging the first mortgage was recorded. On December 19, 2016, the Supreme Court issued a judgment of foreclosure and sale.
In May 2017, the defendant moved, inter alia, to vacate the judgment of foreclosure [*2]and sale on the ground that foreclosure of the first mortgage was precluded by the satisfaction of mortgage. The plaintiff cross-moved to expunge the satisfaction of mortgage on the ground that it was recorded in error and that the first mortgage had not been paid in full. In an order dated July 30, 2019, the Supreme Court denied the defendant's motion and granted the plaintiff's cross-motion. The defendant appealed from so much of the order as granted the plaintiff's cross-motion. In a decision and order dated August 11, 2021, this Court reversed the order insofar as appealed from and denied the plaintiff's cross-motion to expunge the satisfaction of mortgage, concluding that the plaintiff failed to establish its entitlement to the relief sought because its supporting affidavit was unsupported by the business records on which the affiant relied (see U.S. Bank N.A. v Kandra, 197 AD3d 590).
In October 2022, the plaintiff moved, in effect, for leave to renew its prior cross-motion to expunge the satisfaction of mortgage. The defendant opposed the motion. In an order dated January 23, 2023, the Supreme Court denied the motion, determining that the relief sought was barred by the doctrine of law of the case.
In February 2023, the plaintiff moved for leave to reargue its October 2022 motion. The defendant opposed the motion. In an order dated May 30, 2023, the Supreme Court, in effect, granted the plaintiff leave to reargue and, upon reargument, adhered to its prior determination in the January 23, 2023 order. The plaintiff appeals from the orders dated January 23, 2023, and May 30, 2023.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1082; see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d 727, 727-728). However, the doctrine of law of the case "'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision'" (Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253 [internal quotation marks omitted], quoting Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717).
Here, in the decision and order dated August 11, 2021 (see U.S. Bank N.A. v Kandra, 197 AD3d 590), this Court determined that the plaintiff's cross-motion to expunge the satisfaction of mortgage should have been denied on the ground that it was not supported by admissible evidence; this Court did not resolve on the merits the issue of whether the satisfaction of mortgage should be expunged (see Federal Natl. Mtge. Assn. v Marty, 219 AD3d 581, 583; Bennett v State Farm Fire & Cas. Co., 161 AD3d 926, 929). Thus, the doctrine of law of the case did not bar consideration by the Supreme Court of the issue of whether the satisfaction of mortgage should be expunged.
However, the plaintiff's motion, in effect, for leave to renew its prior cross-motion failed to comply with the requirements of CPLR 2221(e). A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see id. § 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Ok Sun Chong v Scheelje, 218 AD3d 691, 692 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Moreno, 232 AD3d 673, 674). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation. Thus, the court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774).
Here, the plaintiff failed to offer a reasonable justification for omitting the business records supporting the affidavit on its prior cross-motion. Indeed, the plaintiff offered no explanation for the omission (see CPLR 2221[e][3]; Aurora Loan Servs., LLC v Moreno, 232 AD3d at 675; Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 519).
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to the prior determination denying the plaintiff's motion, in effect, for leave to renew its prior cross-motion to expunge the satisfaction of mortgage.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court